IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KURT PHAM, | : |
|         Plaintiff, | :   Case No. 2:20-cv-4500 |
| v. | :   CHIEF JUDGE ALGENON L. MARBLEY |
| JP MORGAN SECURITIES LLC, AND<br>CHASE INVESTMENT SERVICES<br>CORPORATION LLC, | :   Magistrate Judge Kimberly A. Jolson |
|         Defendants. | : |

## OPINION & ORDER

### I.     INTRODUCTION

This matter comes before the Court on Defendants J.P. Morgan Securities LLC and Chase Investment Services Corp. Motion for Summary Judgment. (ECF No. 9). Defendants also move to strike certain portions of pro se Plaintiff Kurt Pham's Response in Opposition to the Motion for Summary Judgment. (ECF No. 12). For the reasons that follow, Defendants' Motion for Summary Judgment and Motion to Strike are **GRANTED**. (ECF Nos. 9, 12).

### II.     BACKGROUND

Plaintiff Kurt Pham was employed by JP Morgan Chase Bank, N.A., beginning in October 2009. (ECF No. 9, ¶ 5). Defendant Chase terminated Mr. Pham's employment on March 12, 2010. (*Id.*). At the time of Mr. Pham's termination from Chase, he had been investigated for providing inaccurate information on his timecard, and that he had failed to secure confidential client information. (*Id.* ¶ 6).

On April 5, 2011, Mr. Pham filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") in a case captioned *Kurt Huy Pham v. Chase Investment Services Corp.*, FINRA Arbitration No. 11-01483. After Mr. Pham's termination, Defendants submitted a

1

Form U5, detailing the circumstances of Mr. Pham's termination on April 26, 2010. (Ex. D). Mr. Pham's case proceeded to a full arbitration hearing on July 16-17, 2012, before a three-member arbitration panel. (Dunalp Decl. ¶¶ 5-6).

There, Mr. Pham alleged that he was the victim of slander, libel, and defamation related to the termination of his employment and as a result of information reported on his Form U5. (ECF No. 9 at 3). Defendants denied all allegations of wrongdoing. After requesting an undisclosed amount of damages in his Statement of Claim, during the arbitration, Plaintiff requested $146,521.95 in compensatory damages for lost wages and $1,000,000 in punitive damages for alleged damage to his reputation and career. (*Id.* at 4)/ On July 20, 2012, the arbitrators issued an Award that denied: (1) the claims in their entirety; (2) the request for expungement of information from his Form U5, which is maintained by the FINRA Central Registration Depository; and (3) any and all relief not specifically addressed in the Award, including punitive damages. (*Id.*). Importantly, the Arbitration Panel's Award was not vacated or modified in any judicial proceeding.

On August 31, 2020, Mr. Pham, proceeding pro se, filed the instant action against Defendants, alleging breach of contract. (ECF No. 1). In particular, Mr. Pham alleges that Chase U5's form failed to comply with FINRA, because it did not specify any acts related to the alleged failure to secure confidential client information. (*Id.*). In other words, Mr. Pham claims that because there was no underlying misconduct, Chase had no right—nonetheless an obligation—to file a U5 asserting misconduct. (*Id.*).

Defendants seek summary judgment, asserting that Mr. Pham's Complaint is barred by the doctrine of claim preclusion. (ECF No. 9). Defendants also move to strike certain comments from Plaintiff's response.

## III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine dispute as to any material fact." Fed.R.Civ.P. 56(a). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant, therefore, has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The central inquiry is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. If the moving party meets its burden, then the non-moving party is under an affirmative duty to point out specific facts in the record, which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-moving party may not rest merely on allegations or denials in its own pleadings, *see Celotex*, 477 U.S. at 324, but must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts," *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

"[A]t the summary judgment stage the judge's function is not himself to weigh evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim. *InterRoyal Corp. v.*

*Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Instead, the court may rely on the evidence called to its attention by the parties. *Id.*

## IV. LAW & ANALYSIS

### A. Motion for Summary Judgment

The doctrine of res judicata consists of two components—claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine operates to prevent "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)). A claim or issue will be precluded when the following factors are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Rawe v. Liberty Mut. Fire Ins.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

Defendants contend that all four factors have been satisfied, claim preclusion applies, and that summary judgment is proper. This Court reviews the four-factor analysis below and determines Mr. Pham's claims alleged are precluded.

The first question is whether there has been a final decision on the merits. Defendants point to the existing Arbitration Award, dated July 20, 2012, which resulted from Mr. Pham's FINRA Arbitration. The Sixth Circuit has held that an arbitration award has the same preclusive effect as a court judgment. *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 632 (6th Cir. 2014) ("[T]he rules of res judicata do not have diminished application to arbitration

awards."). Accordingly, this Court finds that FINRA's final arbitration award establishes that there was a final decision on the merits in the arbitration.

The second inquiry is whether the arbitration action and this case involve the same parties or their privities. Mr. Pham's FINRA Statement of Claim set forth claims against Chase Investment Services Corp., which no longer exists. (ECF No. 9 at 6). Defendant J.P. Morgan Securities, LLC, is the successor-in-interest of Chase Investment Corp. (*Id.* at 7). Thus, the FINRA Arbitration involved the same parties as this proceeding.

The third determination asks if an issue in the subsequent action was litigated or should have been litigated in the prior action. In this case, Mr. Pham's claim in the instant action was or could have been asserted in the previous arbitration action. Just like in the FINRA Arbitration, this matter concerns issues arising out of Mr. Pham's termination. But, as Mr. Pham emphasizes, this lawsuit is a breach-of-contract claim, whereas the FINRA Arbitration involved slander, libel, and defamation. Unfortunately for Mr. Pham, however, he has not demonstrated that the instant case involves different facts as the FINRA Arbitration. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981); *see also Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) ("It is irrelevant that the plaintiff, in the second action, is prepared to present evidence or theories of the case not offered in the first action, or that the plaintiff seeks remedies not previously demanded[]" where the same common facts are at issue in both suits). As a result, this Court finds that the breach-of-contract lawsuit is an issue that could have been asserted in the arbitration action.

The fourth and final issue is if the causes of action in the FINRA Arbitration and the underlying Complaint involve the same common facts, allegations, and transactions. Mr. Pham argues that this Complaint arises out of a different series of facts and "is not regarding termination or Plaintiff's employment. Rather[,] this is pertaining to the employment contract and duty that

5

Defendant(s) have to follow FINRA rules and regulations[,] and what Defendant(s) did *after* employment had *terminated*." (ECF No. 15 at 1(emphasis adjusted)). A careful look at Plaintiff's FINRA Statement of Claim and his Complaint shows that the facts alleged are substantially the same. For example, in the Statement of Claim, Mr. Pham stated: "My [U5 Form] should be clear and have no negative marks against it outside of a standard separation." (ECF No. 9 at 3). In the Complaint, he alleges: "Chase Investment Services BREACHED CONTRACT of supervisions and compliance reporting when sending an erroneous and malicious [U5] claiming misconduct . . . . Fact is[,] there was no misconduct, so there was no right to file a [U5] with any misconduct allegations." (*Id.*). This Court finds that there is an "identity" between the causes of action, to the extent that the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771–72, 773–74 (6th Cir. 2002) (internal citation and quotation omitted).

In summary, this Court finds that all four elements necessary for the application of the res judicata doctrine are present in this case. There is no genuine issue of material fact, and Defendants are entitled to summary judgment because Plaintiff's Complaint is barred by the doctrine of claim preclusion. Defendant's Motion for Summary Judgment is **GRANTED**. (ECF No. 9).

### B. Motion to Strike

Separately, Defendants also ask this Court to strike from Plaintiff's Response reference to settlement issues and communications, contending that such references are inappropriate under Rule 408 of the Federal Rules of Evidence. Pursuant to Rule 408, no party may admit, "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," the following:

> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim[.]

Fed. R. Evid. 408(a). In short, offers to settle and statements made during compromise negotiations are not admissible into evidence, either to prove a claim, the amount of the claim, or for impeachment. If the evidence is offered for another purpose, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution," the Court may admit it. Fed. R. Evid. 408(b). This Court notes that Mr. Pham is pro se and thus is not expected to have knowledge of the Federal Rules of Evidence. Nevertheless, given that Rule 408 does not permit evidence of offers to settle made during compromise negotiations, submitted in support of the opposition memorandum. Such evidence is not admissible under Rule 408. Defendants' Motion to Strike is **GRANTED**. (ECF No. 12).

## V. CONCLUSION

The Court hereby **GRANTS** Defendant's Motion for Summary Judgment and Motion to Strike based on the foregoing reasons. (ECF Nos. 9, 12). This case is **DISMISSED.**

**IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 1, 2021**