UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KURT PHAM,** | : |
| | : |
| **Plaintiff,** | : Case No. 2:20-cv-4500 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| **JP MORGAN SECURITIES LLC,** *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| | : |
| **Defendants.** | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 25) of the Court's Opinion & Order (ECF No. 23) granting summary judgment to Defendants. Defendants filed a response (ECF No. 29) in opposition to reconsideration.

The Court will construe Plaintiff's *pro se* Motion as seeking to alter or amend the Court's Order per Federal Rule of Civil Procedure 59(e). To obtain relief under Rule 59(e), Plaintiff must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Defendants correctly observe that the Motion for Reconsideration is untimely. (ECF No. 29 at 1–2). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment in this matter was entered on July 1, 2021 (ECF No. 24), making any Rule 59(e) motion due on July 29, 2021. Plaintiff filed his Motion on July 30, 2021. Plaintiff offers no explanation for his delay, particularly in light of the fact that he was granted electronic filing privileges (ECF No. 22) and could file at his convenience. The one-day delay, while seemingly small, is consequential because Rule 59(e) is phrased in mandatory terms

1

("must be filed"). *See, e.g.*, *Smith v. Michigan*, 2007 WL 603397 (W.D. Mich. Feb. 22, 2007) (denying as untimely a Rule 59(e) motion filed one day late).

Even assuming that Plaintiff's delay was excused—which the Court does not and need not hold—it would be denied for independent reasons. Plaintiff argues that "new facts" related to the failure of supervision justify reconsideration. (ECF No. 25 at 1). There is no indication, however, that the evidence at issue was unavailable when Plaintiff filed his Complaint. On the contrary, Plaintiff's Complaint states a claim for "BREACHED CONTRACT of *supervision* and compliance reporting." (ECF No. 1 ¶8 (second emphasis added)). "[A] party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). The remainder of Plaintiff's Motion advances policy arguments that are likewise inappropriate at this stage. *See id.* ("Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case.").

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 13, 2022**